UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHRISTOPHER REAM** | Case No. |
| **Plaintiff,** | |
| -against- | |
| | **COMPLAINT** |
| **JAMES BERRY HILL,** | PLAINTIFF DEMANDS |
| **DAVID BERRY HILL,** | TRIAL BY JURY |
| **AND BERRY-HILL GALLERIES, INC.** | |
| **Defendants.** | |

PLEASE TAKE NOTICE that Plaintiff, CHRISTOPHER REAM (hereinafter "Plaintiff") by its attorneys, CRISCIONE, RAVALA & TABATCHOUK, LLP, as and for a Complaint against Defendants, JAMES BERRY HILL, DAVID BERRY HILL, and BERRY-HILL GALLERIES, INC. (hereinafter collectively, "Defendants"), alleges upon information and belief, as follows:

## I. NATURE OF THE ACTION

1. This is an action by Plaintiff to recover unpaid wages as a result of the violation of the Fair Labor Standards Act (hereinafter "FLSA"), New York Labor Law (hereinafter "NYLL"), unjust enrichment, breach of contract, and fraud.

## II. JURISDICTION AND VENUE

2. Jurisdiction in this Court is based on 29 U.S.C. § 206, the Fair Labor Standards Act ("FLSA").

3. Venue in this District is based upon 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2) as Defendants reside in this district and as a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) because the state law claims form part of the same case or controversy.

### III. PARTIES

5. At all relevant times herein, Plaintiff CHRISTOPHER REAM is an individual, and a resident of the State of New York.

6. Upon information and belief, at all relevant times herein, Defendant JAMES BERRY HILL is an individual, and a resident of the State of New York, and Chairman of BERRY-HILL GALLERIES, INC. during the time period relevant to this action.

7. Upon information and belief, at all relevant times herein, Defendant DAVID BERRY HILL is an individual, and a resident of the State of New York, and was the President of BERRY-HILL GALLERIES, INC. during the time period relevant to this action.

8. Upon information and belief, Defendant BERRY-HILL GALLERIES, INC., is a corporation, formed under the law of the State of New York, on or about October 5, 1964, with a registered address of 11 East 70th Street, New York, NY 10021. The Chief Executive Officer listed is Defendant JAMES BERRY HILL.

### IV. FACTS

9. Plaintiff worked for Defendants for several years as a Preparator whose job duties included, but were not limited to: performing art installation, packing and shipping artwork, and more.

10. Plaintiff's base annual salary with Defendants was $85.000.00 (EIGHTY FIVE THOUSAND DOLLARS), occasionally supplemented with bonuses.

11. During mid-2010, Plaintiff stopped working for Defendants, because a pattern of late salary payments ensued.

12. Defendants claimed that they were undergoing financial hardships as their reason why salary payments were late.

13. As a result of Plaintiff no longer working for Defendants in mid-2010, Plaintiff applied for unemployment and received unemployment payments for about the last six months of 2010.

14. In 2011, Plaintiff returned to work for Defendants after he was unable to find work elsewhere, and Defendant JAMES BERRY HILL offered Plaintiff a $10,000.00 (TEN THOUSAND DOLLARS) check to return to work with the previous position and salary.

15. The only occasion afterwards that the Defendants paid Plaintiff his full salary was in 2012.

16. Defendants willfully failed to pay Plaintiff his full salary in 2011, 2013, 2014, and 2015.  In 2011, Plaintiff was paid $53,125.00 (FIFTY THREE THOUSAND AND ONE HUNDRED AND TWENTY FIVE DOLLARS); in 2013, Plaintiff was paid $28,333.000 (TWENTY EIGHT THOUSAND AND THREE HUNDRED AND THIRTY THREE DOLLARS); in 2014, Plaintiff was paid $50, 350.00 (FIFTY THOUSAND AND THREE HUNDRED AND FIFTY DOLLARS); and in 2015, Plaintiff was paid $7,000.00 (SEVEN THOUSAND DOLLARS).

17. Throughout the Plaintiff's employment between 2011 – 2015, he would normally receive paychecks from Defendant BERRY-HILL GALLERIES, INC. and, in 2015, from Stem Glass Global, LLC.

18. Plaintiff never worked for Stem Glass Global, LLC.

19. As a result of Defendants failure to pay wages dating back to 2011, on or about December 4, 2015, Plaintiff left his employment with the Defendants.

20. As a result of Defendants willfully failing to pay Plaintiff his due wages for several years, Plaintiff is owed $201,192.00 (TWO HUNDRED ONE THOUSAND ONE HUNDRED AND NINETY TWO DOLLARS) in unpaid wages.

## V. FIRST CAUSE OF ACTION
**Violation of FLSA against Defendants**

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

22. Since Plaintiff was employed as a Preparator handling the Defendants' artwork at all times relevant to this action, Plaintiff was engaged in commerce within the meaning of 29 U.S.C. § 206(a).

23. Pursuant to 29 U.S.C. § 206(a)(1) and specifically § 206(b), "Every employer shall pay to each of his employees…who in any workweek…is employed in an enterprise engaged in commerce or in the production of goods for commerce….not less than the minimum wage rate in effect under subsection (a)(1)."

24. The minimum wage rate in effect under 29 U.S.C. § 206(a)(1) is the following, "$5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

25.     Defendants knowingly did not pay Plaintiff the federally mandated minimum wage in 2015 in violation of 29 U.S.C. § 206(a).

26.     Today, at the federal minimum wage of $7.25 per hour pursuant to FLSA, working 40 hours per week, 52 weeks per year yields an annual income of only $15,080.00, and in 2015 Defendant paid Plaintiff only $7,000.00, despite agreeing to pay the Plaintiff $85,000.00.

27.     Defendants' failure to pay Plaintiff the minimum wage in accordance with the FLSA standards was willful and intentional.

28.     Plaintiff demands judgment against the Defendants for violation of 29 U.S.C. § 206 in an amount to be determined at trial, but at least $7,000.00, and to an equal amount in liquidated damages, as well as interest, reasonable attorneys' fees, and costs of this action pursuant to 29 U.S.C. § 216(b).

### VI. SECOND CAUSE OF ACTION
**Violation of the NYLL against Defendants**

29.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

30.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of N.Y. Lab. Law §§ 2 and 190.

31.     At all times relevant to this action, N.Y. Lab. Law §191 (1)(a) provides that, "every employer shall pay wages… weekly and not later than seven calendar days after the end of the week in which the wages."

32.     Defendants willfully failed to pay Plaintiff his full salary in 2011, 2013, 2014, and 2015 in violation of N.Y. Lab. Law §191(1)(a).

33.     In 2011, Plaintiff was paid $53,125.00 (FIFTY THREE THOUSAND AND ONE HUNDRED AND TWENTY FIVE DOLLARS); in 2013, Plaintiff was paid $28,333.000

(TWENTY EIGHT THOUSAND AND THREE HUNDRED AND THIRTY THREE DOLLARS); in 2014, Plaintiff was paid $50, 350.00 (FIFTY THOUSAND AND THREE HUNDRED AND FIFTY DOLLARS); and in 2015, Plaintiff was paid $7,000.00 (SEVEN THOUSAND DOLLARS).

34. As a result of Defendants failing to pay Plaintiff his due wages for several years, Plaintiff is owed $201,192.00 (TWO HUNDRED ONE THOUSAND ONE HUNDRED AND NINETY TWO DOLLARS) in unpaid wages.

35. Defendants' failure to pay Plaintiff his due wages was willful and intentional. Defendants did not make a good-faith effort to comply with the NYLL with respect to their compensation of Plaintiff.

36. Plaintiff demands judgment against the Defendants for violation of NYLL in an amount to be determined at trial, but at least $201,192.00, as well as interest, reasonable attorneys' fees, and costs of this action pursuant to Article 6 of NYLL.

## VII. THIRD CAUSE OF ACTION
**Unjust Enrichment against Defendants**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

38. Plaintiff conferred benefits to Defendants by fully performing as Defendants' Preparator from the relevant time period in this action, from 2011 – 2015.

39. In 2011, Plaintiff was paid $53,125.00 (FIFTY THREE THOUSAND AND ONE HUNDRED AND TWENTY FIVE DOLLARS); in 2013, Plaintiff was paid $28,333.000 (TWENTY EIGHT THOUSAND AND THREE HUNDRED AND THIRTY THREE DOLLARS); in 2014, Plaintiff was paid $50, 350.00 (FIFTY THOUSAND AND THREE

HUNDRED AND FIFTY DOLLARS); and in 2015, Plaintiff was paid $7,000.00 (SEVEN THOUSAND DOLLARS).

40. As a result of Defendants willfully failing to pay Plaintiff his due wages for several years, Plaintiff is owed $201,192.00 (TWO HUNDRED ONE THOUSAND ONE HUNDRED AND NINETY TWO DOLLARS) in unpaid wages.

41. Defendants retained benefits and have failed to pay Plaintiff wages due for work fully performed as Defendants' Preparator from 2011 – 2015.

42. Because of the Defendants' actions, the Plaintiff has been deprived of the amount of $201,192.00.

## VIII. FOURTH CAUSE OF ACTION
### Breach of Contract against Defendants

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

44. Defendant JAMES BERRY HILL offered Plaintiff position of Preparator and Plaintiff accepted the position.

45. As part of Plaintiff's agreement to serve as the Defendants' Preparator, Defendant JAMES BERRY HILL agreed to pay Plaintiff an annual base salary of $85.000.00 (EIGHTY FIVE THOUSAND DOLLARS), occasionally supplemented with bonuses.

46. Plaintiff fully performed the duties required of him as Preparator for the Defendants.

47. Defendants breached the employment contract by failing to pay wages owed to the Plaintiff for work performed.

48. In 2011, Plaintiff was paid $53,125.00 (FIFTY THREE THOUSAND AND ONE HUNDRED AND TWENTY FIVE DOLLARS); in 2013, Plaintiff was paid $28,333.000

7

(TWENTY EIGHT THOUSAND AND THREE HUNDRED AND THIRTY THREE DOLLARS); in 2014, Plaintiff was paid $50, 350.00 (FIFTY THOUSAND AND THREE HUNDRED AND FIFTY DOLLARS); and in 2015, Plaintiff was paid $7,000.00 (SEVEN THOUSAND DOLLARS).

49. The unpaid wages the Defendants currently owe Plaintiff has grown to a total of $201,192.00 (TWO HUNDRED ONE THOUSAND ONE HUNDRED AND NINETY TWO DOLLARS) for work performed as Defendants' Preparator.

50. Plaintiff demands judgment against the Defendants for breach of contract in an amount to be determined at trial, but at least $201,192.00, as well as interest, reasonable attorneys' fees, and costs of this action.

## IX. FIFTH CAUSE OF ACTION
**Fraudulent Misrepresentation against Defendants JAMES BERRY-HILL and DAVID BERRY-HILL**

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

52. Defendant JAMES BERRY-HILL hired Plaintiff to work as a Preparator for his company, Defendant BERRY-HILL GALLERIES, INC.

53. As part of Plaintiff's agreement to serve as the Defendants' Preparator, Defendants JAMES BERRY-HILL and DAVID BERRY-HILL agreed to pay Plaintiff a base salary of $85.000.00 (EIGHTY FIVE THOUSAND DOLLARS), occasionally supplemented with bonuses.

54. Defendants JAMES BERRY-HILL and DAVID BERRY-HILL materially misrepresented and continued to falsely promise to pay Plaintiff his due wages throughout the period of 2011 through 2015.

55. Throughout the Plaintiff's employment between 2011 – 2015, he would normally receive paychecks from Defendant BERRY-HILL GALLERIES, INC. and, in 2015, from Stem Glass Global, LLC.

56. Plaintiff never worked for Stem Glass Global, LLC.

57. Defendants JAMES BERRY-HILL and DAVID BERRY-HILL never had any intention to pay Plaintiff his full amount of due wages.

58. Defendants JAMES BERRY-HILL and DAVID BERRY-HILL intended that Plaintiff rely on the promise of payment in order for the Plaintiff to continue working as Defendant BERRY-HILL GALLERIES, INC.'s Preparator.

59. Plaintiff reasonably believed that Defendants JAMES BERRY-HILL and DAVID BERRY-HILL would pay him his due wages. Therefore, Plaintiff continued to work for both Defendants until on or about December 4, 2015.

60. Defendants have consistently failed to pay Plaintiff his due wages. Plaintiff's past efforts in order to collect unpaid wages for work performed as a Preparator have been unnsuccesful.

61. In 2011, Plaintiff was paid $53,125.00 (FIFTY THREE THOUSAND AND ONE HUNDRED AND TWENTY FIVE DOLLARS); in 2013, Plaintiff was paid $28,333.000 (TWENTY EIGHT THOUSAND AND THREE HUNDRED AND THIRTY THREE DOLLARS); in 2014, Plaintiff was paid $50, 350.00 (FIFTY THOUSAND AND THREE HUNDRED AND FIFTY DOLLARS); and in 2015, Plaintiff was paid $7,000.00 (SEVEN THOUSAND DOLLARS).

62. The unpaid wages the Defendants currently owe Plaintiff has grown to a total of $201,192.00 (TWO HUNDRED ONE THOUSAND ONE HUNDRED AND NINETY TWO DOLLARS) for work performed as Defendants' Preparator.

63. Plaintiff demands judgment against the Defendants JAMES BERRY-HILL and DAVID BERRY-HILL for fraud in an amount to be determined at trial, but at least $201,192.00, as well as interest, reasonable attorneys' fees, and costs of this action.57.   Plaintiff demands judgment against the Defendants for fraud in an amount to be determined at trial, but at least $201,192.00, as well as interest, reasonable attorneys' fees, and costs of this action.

## X. SIXTH CAUSE OF ACTION
### Violation of the NYLL against
### Defendant JAMES BERRY HILL and Defendant DAVID BERRY HILL

64. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

65. At all times relevant to this action, Plaintiff was employed by Defendants JAMES BERRY HILL and DAVID BERRY HILL within the meaning of N.Y. Lab. Law §§ 2 and 190.

66. At all times relevant to this action, N.Y. Lab. Law §191 (1)(a) provides that, "every employer shall pay wages… weekly and not later than seven calendar days after the end of the week in which the wages."

67. Furthermore, corporate officers, in addition to corporations, may be considered an "employer" under Article 6 of NYLL if the alleged employer possesses the power to control the employee in question including the power to hire and fire employees, supervise work and control employee's schedule, determine the rate and method of payment, and maintain employment records.

68. Defendants JAMES BERRY HILL and DAVID BERRY HILL are employers under Article 6 of NYLL since as principals of BERRY-HILL GALLERIES INC., they controlled Plaintiff's work schedule, rate and method of payment, and was in charge of hiring him, and as a result is individually liable for Plaintiff's unpaid wages.

69. Defendants JAMES BERRY HILL and DAVID BERRY HILL's failure to pay Plaintiff his due wages was willful and intentional. Defendants did not make a good-faith effort to comply with the NYLL with respect to their compensation of Plaintiff.

70. Plaintiff demands judgment against the Defendants JAMES BERRY HILL and DAVID BERRY HILL for violation of NYLL in an amount to be determined at trial, but at least $201,192.00, as well as interest, reasonable attorneys' fees, and costs of this action pursuant to Article 6 of NYLL.

## XI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

1. Declaring that Defendants have violated FLSA and NYLL;

2. Declaring that Defendants JAMES BERRY-HILL and DAVID BERRY-HILL are jointly and severally liable, pursuant to N.Y. Bus. Corp. Law § 630 which states that the ten largest shareholders of a closely held New York corporation are jointly and severally personally liable for unpaid wages and salaries due to their employees;

3. Awarding unpaid wages, plus liquidated damages for violation of FLSA, and regulations thereunder;

4. Awarding compensatory damages in an amount to be determined at trial, but at least $201,192.00;

5. Awarding reasonable attorneys' fees, costs, and expenses to the extent allowably by law;

6. Awarding any such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: New York, NY
September 23, 2016

Respectfully Submitted

**CRISCIONE, RAVALA & TABATCHOUK, LLP**

   /s/ Galen Criscione
Galen J. Criscione, Esq.
Criscione, Ravala & Tabatchouk, LLP
*Attorneys for Plaintiff*
90 Park Ave. Suite 1700
New York, NY  10016
P: (800) 583-1780
F: (800) 583-1787
E: GCriscione@lawcrt.com


   /s/ Salman Ravala
M. Salman Ravala, Esq.
Criscione, Ravala & Tabatchouk, LLP
*Attorneys for Plaintiff*
90 Park Ave. Suite 1700
New York, NY  10016
P: (800) 583-1780
F: (800) 583-1787
E: SRavala@lawcrt.com