

Case 1:16-cv-07462-VEC   Document 30   Filed 03/29/17   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/2017

Norman B. Arnoff Esq.
Law Offices of Norman Arnoff
60 East 42nd Street, NYC, NY10165
Suite 628, (Tel.917-912-1165,<u>nbarnoff@aol.com</u>)

Honorable Valerie Caproni,
United States District Court,
Southern District of New York
Thurgood Marshall, United States Courthouse
40 Foley Square, Room 443,
NY, NY 10007

<u>Re: Ream v Hill et.al.1:16-Cv.07462 (VEC)</u>

Dear Judge Caproni,
Defendants are represented by the undersigned in this matter. Based on New York Business Corporation Law ("BCL") Section 630 (Liability of Shareholders For Wages Due For Laborers, Servants, or Employers), the individual defendants, James Berry Hill and David Berry Hill should be summarily dismissed from the Plaintiff's Complaint.
Similarly, Plaintiff claims that during the 2010-2015 period Defendant Berry Hill Gardens Inc. ("Berry Hill Galleries") agreed to pay Plaintiff an annual salary of $85,000 per year. This allegation is without merit as a matter of law. However, there is no written contract subscribed to by the parties to be charged .The contract to pay Plaintiff $85,000 per year (even if there was some sort of understanding) is unenforceable as it does not comply with New York General Obligations Law ("GOL") 5-701, which is the applicable Statute of Frauds.
Accordingly, the undersigned as counsel for the Defendants seeks this Court's leave to move for summary judgment pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 56. After an appropriate pre-filing inquiry the undersigned believes that there are <u>no</u> disputed material issues of fact on the key and dispositive issues in the case to preclude summary judgment being granted for the Defendants. Defendants should <u>not</u> have to go through the burden and expense of discovery<u>.</u>

1

Plaintiff's counsel will not consent to our making a motion for summary judgment to address these outcome determinative issues. This is why the undersigned is writing this letter to your Honor ,so the Court can see that the contemplated motion is consistent with FRCP 1, in that this will more readily secure :" the just, speedy, and inexpensive determination of .......{this} action " and is appropriate in this context.

The key to the personal liability issue for the individuals as shareholders is Business Corporation Law ("BCL") 630 (a) and the following pertinent language: "......Before such laborer, servant, or employee shall charge such shareholder for such services, he *shall give notice in writing* to such shareholder that he intends to hold him liable under this section. *Such notice shall be given within one hundred and eighty days after termination of such services*, except that if within such period the laborer, servant or employee demands an examination of the record of shareholders.... *such notice may be given within sixty days after he has been given the opportunity to examine the record of shareholders*. *An action to enforce such liability shall be commenced within ninety days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for such services.* ( Emphasis Added)

As of December 4,2015 as per the letter from Berry Hill Galleries dated December 14,2015, Christopher Ream was **no** longer in the employ of Berry Hill Galleries. Assuming Jim Hill and David Hill were members of a group of the top ten(10) shareholders in the Berry-Hill Galleries corporate entity, Ream did **not** satisfy any of the statutory conditions precedent to establish David's and Jim's personal liability under BCL 630 (a).

**No** notice in writing within one hundred and eighty (180) days of the termination of services or employment was given to Jim and David Hill as shareholders by Christopher Ream that he intended to charge them personally with his putative unpaid wages, i.e.". *shall give notice in writing* to such shareholder that he intends to hold him liable under this section. ...{i.e. BCL 630} "

## New York Labor Law, Section 198

Further in respect to the personal liability of Jim and David Hill as officers and directors under Section 198 of the New York Labor Law ("NYLL"), based on the facts and the following language in the relevant statutory provision; they do **not** have personal liability as a result of their being officers and directors. In pertinent part the language is as follows:

On behalf of any employee paid less than " 1-a. the wage to which he or she is entitled under the provisions of this article, the commissioner may bring any legal action necessary, including administrative action, to collect such claim and as part of such legal action, in addition to any other remedies and penalties otherwise available under this article, the commissioner shall assess against the employer the full amount of any such underpayment, and an additional amount as liquidated damages, *unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law.* Liquidated damages shall be calculated by the commissioner as no more than one hundred percent of the total amount of wages found to be due. In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, **unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law,** an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due. -

Based on the facts that cannot be disputed there is **not** a shred of bad faith or evidence of it, upon the part of Jim and David Hill .In respect to their liability as shareholders, as outlined above the statutory preconditions were not satisfied . Their good faith also cannot be disputed. No written agreement signed by either Ream or the Hills exists stipulating that Ream was to receive $85,000 per year as an annual salary. The variation of compensation from year to year (including compensation in excess of $85,000) during the period 2001 to 2015 shows that without doubt there was **not** a fixed annual salary. Without contribution from Ream, the Gallery paid $2000 per month for medical coverage for Ream. Further, Ream was

3

fully informed of the financial circumstances of the Gallery and nothing should have stopped him from leaving the Gallery if another opportunity came along. Ream never received less than the minimum wage under the Federal Labor Standards Act ("FLSA") and more often than not, significantly more than the minimum wage. Ream was made aware of the financial circumstances of the Gallery and while his compensation was less in this context than what he ordinarily received, he knew or should have known that Jim and David Hill also did not take a salary for the years that the Gallery's financial circumstances were strained. In any event they personally made sure his family's medical coverage was maintained. All of the foregoing is compelling evidence of their good faith and cannot be disputed. Clearly the absence of bad faith and the compelling evidence of good faith insulates the Hills from personal liability as officers, directors, or shareholders..

Accordingly ,the undersigned Defendants should be permitted to move for summary judgment pre-discovery as the issues outlined above are outcome determinative in Defendants favor. Plaintiff is serving numerous third party subpoenas upon banks that are neither relevant or material nor will the subpoenas lead to relevant or material evidence and are seriously invasive of privacy. Before Defendants are subject to these multiple subpoenas , this Court should address the dispositive issues in the context of Defendants' motion for summary judgment. Thank you for the Court's consideration.

Defendants' application is DENIED WITHOUT PREJUDICE. If Defendants move for summary judgment at this time, Plaintiffs will request discovery pursuant to Rule 56(f). Based on the existing record, the Court believes such a request is likely to have merit. Accordingly, any motion for summary judgment would not materially advance the litigation and is premature.

SO ORDERED.

*Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

3/29/2017