USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
CHRISTOPHER REAM,                                  :
                                                   :
                              Plaintiff,           :       16-CV-7462 (VEC)
                                                   :
                -against-                          :       OPINION AND ORDER
                                                   :
JAMES BERRY HILL,                                  :
DAVID BERRY HILL,                                  :
AND BERRY-HILL GALLERIES, INC.,                    :
                                                   :
                              Defendants.          :
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiff Christopher Ream worked as an art preparator at Berry-Hill Galleries, Inc. (the "Gallery") from 1985 to 2010, and then again from 2011 to 2015. According to Ream, the same oral agreement governed his employment during both periods. Ream claims that he left the Gallery in 2010, and again in 2015, due to underpayment of salary, and that the Gallery failed to pay him minimum wage in 2015. The crux of the parties' dispute is the content of their oral employment agreement. Ream claims that the parties agreed he would be paid a fixed annual salary of $85,000. The Defendants—the Gallery, and its two principals, James Berry Hill and David Berry Hill[1]—claim they agreed to a "benchmark" of $85,000, but that it was understood that the Gallery would pay only what it could afford in a given year. Defendants concede that Plaintiff was paid less than the required statutory minimum wage for 2015. For the reasons that follow, the Court GRANTS Ream's motion for summary judgment on his 2015 minimum wage claims but DENIES his motion for summary judgment on his breach of contract, unjust

---

[1] David Berry Hill is the debtor in an ongoing bankruptcy proceeding, and as such, the claims against David Berry Hill have been stayed. See Dkt. 48. Thus, as used in this opinion, "Defendants" refers to Berry-Hill Galleries, Inc. and James Berry Hill.

1

enrichment, and fraudulent misrepresentation claims.  Defendants' motion for summary judgement is DENIED.[2]

## BACKGROUND[3]

Christopher Ream began working as an art preparator for the Gallery in 1985.  *See* Pl.'s Rule 56.1 Stmt. of Material Facts ("Pl.'s Rule 56.1 Stmt.") (Dkt. 51) ¶ 3.[4]  As an art preparator, his tasks included installing, packing, and shipping art.  *See* Pl.'s Rule 56.1 Stmt. ¶ 4.  Ream was employed pursuant to an oral agreement; there was no written contract.  *See* Declaration of James Hill ("Hill Decl.") (Dkt. 57) ¶ 3.  Ream was a full-time employee and was not paid hourly or by commission.  *See* Declaration of Salman Ravala ("Ravala Decl.") (Dkt. 54) Ex. S ("Hill Tr. S") at 78:21-5.

In 2008, the Gallery's bookkeeper prepared a letter at Ream's request stating that Ream's salary was $85,000 per year, with a guaranteed $25,000 annual bonus.  *See* Affidavit of James Hill ("Hill Aff.") (Dkt. 56) Ex. E.  It is undisputed that the Gallery paid Ream at least $85,000, as the letter describes, from 2003 through 2008, inclusive.[5]  Ream was not paid a $25,000 bonus in any year.  *See* Hill Aff. ¶ 9.

---

[2]  Defendants styled their motion as a motion to dismiss.  As Plaintiff notes, Pl.'s Reply Br. (Dkt. 63) at 1-2, Defendants' time to move to dismiss the Complaint has long passed.  The Court construes Defendants' motion to be a motion for summary judgment, despite the fact that they provided no statement of material facts as required by Rule 56.1.

[3]  The following facts are largely undisputed.  Where the facts are in dispute, the Court has construed the facts in Defendants' favor as the only colorable motion for summary judgment was made by Plaintiff.

[4]  As noted above, Defendants did not submit a Rule 56.1 statement, nor did they submit a response to Plaintiff's Rule 56.1 statement, but instead submitted self-serving declarations on their own behalf.  Based on their failure to submit a response to Plaintiff's 56.1 Statement, the Court could have considered all of the facts contained in Plaintiff's 56.1 Statement to be uncontested.  *Baity v. Kralik*, 51 F. Supp. 3d 414, 417-18 (S.D.N.Y. 2014) (any fact in a Rule 56.1 statement that is not specifically objected to by an opposing Rule 56.1 statement is conceded).  The Court has elected not to do so, but Defendants are on notice that future failure to abide by the rules of the Court will not be excused.

[5]  Inexplicably, the Defendants cite 2002 as both a year in which Ream "received over $85,000" and as a year in which "he received under $85,000."  *See* Hill Decl. ¶ 8.  The Court will assume for purposes of this motion that Ream was paid more than $85,000 in 2002.

Through approximately the first half of 2010, Ream was paid only $14,166.68.  *See* Hill Decl. Ex. C at 4.  Because he was being underpaid, Ream quit the Gallery and spent six months looking for other work.  *See* Hill Decl. Ex. A ("Ream Tr.") at 25:8-25.  The Gallery then offered Ream his old job back with a $10,000 signing bonus.  *See* Ream. Tr. at 27:7-11, 29:20-30:7.  Ream testified that he was told "come to your old job."  *See* Ream Tr. at 30:6-7.  James Hill understood that Ream returned to his old job with "the impression, and everything was predicated upon [Ream's salary] being $85,000," Hill Tr. S at 78:7-10, but, according to Hill, "it was not guaranteed," Hill Tr. S at 78:7-10.  According to the Defendants: they agreed to an $85,000 "benchmark" for Ream; all of the Gallery's employees understood that the Gallery was experiencing financial difficulties; and all of the Gallery's employees understood that they would be compensated "if we [the Gallery] have some business."  *See* Ravala Decl. Ex. G. ("Hill Tr. G") at 77:7-15, Ex. R ("Hill Tr. R") 85:6-7; Defs.' Mem. (Dkt. 58) at 2-3.

Whatever the Parties' agreement, it is undisputed that Ream was paid less than $85,000 in 2011, 2013, 2014, and 2015.  In 2011, Ream was paid $53,125.05 in salary and received a signing bonus of $10,000 upon his return to the Gallery.  *See* Defs.' Mem. Ex. C at 5; Ream Tr. at 27:10-28:13.  In 2012, Ream was paid $85,000.08; in 2013, he was paid $28,333.36; in 2014, he was paid $50,350.02; and, in 2015, he was paid $7,000.00.  *See* Defs.' Mem. Ex. C at 6-9.  The Gallery also made regular payments for Ream's health insurance.  *See* Defs.' Mem. Ex. D at 14.  Between December 3, 2014 and December 16, 2015, Ream received a series of checks from an entity controlled by James Hill called "Stem Glass Global," which Plaintiff asserts was part of his wages for his work at the Gallery.  *See* Ravala Decl. Ex. J at 2-6; Pl.'s Rule 56.1 Stmt. ¶ 16.

Ream resigned from the Gallery on December 4, 2015, and subsequently sued the Gallery, James Berry Hill, and David Berry Hill for failure to pay minimum wage in 2015 under

3

the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 206 *et seq.*, and N.Y. Lab. Law § 652, and for breach of contract, unjust enrichment, and fraudulent misrepresentation in connection with the Defendants' failure to pay him an annual salary of $85,000.  The parties have cross-moved for summary judgment on all claims.  *See* Dkts. 50, 58.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted)).  The Court must "construe the facts in the light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the movant."  *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (*per curiam*) (alterations omitted) (quoting *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79-80 (2d Cir. 2009)).

**1.      Breach of Contract, Fraudulent Misrepresentation, and Unjust Enrichment**

There is a material dispute of fact regarding the terms of the parties' oral employment agreement.  Ream's understanding that he was to be paid an annual salary of $85,000 is supported by his own testimony and by the 2008 letter prepared by the Gallery's bookkeeper. *See* Pl.'s Rule 56.1 Stmt. ¶ 10; *See* Ream Tr. at 29:20-30:10; Hill Aff. Ex. E at 19.  While the Defendants insist the 2008 letter was false and was intended only to assist Ream in qualifying for an apartment, Defs.' Mem. at 2, there is no evidence to support that claim.  The parties' course of dealing tends to support Ream's understanding.  *See generally New Moon Shipping Co. v. Man B*

*& W Diesel AG*, 121 F.3d 24, 31 (2d Cir. 1997) (using course of dealing to clarify ambiguous contract terms). Ream was regularly paid $85,000 before he left the Gallery in 2010, and certain of the checks made out to Ream after his return to the Gallery include a notation that they were for prior months. *See, e.g.*, Ravala Declr. Ex. V; *see also* Ream Tr. at 46:10-17. It is illogical that the Gallery would pay Ream for prior months if the Gallery was not obligated to pay him some set amount per year. On the other hand, as Ream concedes, he was told in 2011 only that he was returning to the "same job" and Ream has produced no direct evidence of an explicit promise by the Defendants to pay him $85,000 per year. *See* Ream Tr. at 29:13-23; *but see* Ream Tr. at 31:7-32:4 (Ream testified that he was promised he would not be "shortchanged"). Moreover, even though Ream was paid less than $85,000 in 2011, 2013 and 2014, he did not leave the Gallery at that time. A reasonable fact finder could conclude that the salary arrangement among the parties was not as clear as Plaintiff contends.[6]

There is evidence pointing both ways, but, in essence, the terms of the parties' agreement comes down to a he-said/he-said dispute. Under the circumstances, the terms of the agreement are ambiguous and cannot be determined by the Court on a motion for summary judgment; a trial is required.[7] *See Friedman v. Schwartz*, No. 08-CV-2801 (JS), 2010 WL 3937304 (E.D.N.Y Sept. 30, 2010) (denying motion for summary judgment where the content of an oral agreement was unclear).

---

[6] The identity of the parties to the putative employment agreement is also unclear. Although Ream has brought a claim for breach of contract against James Berry Hill, Ream has not argued that he was a party to the employment agreement in his personal capacity or that the Gallery's corporate veil may be pierced. (The same point could be made as to David Berry Hill, against whom this case has been stayed.)

[7] For the same reasons, a trial is required to resolve Plaintiff's claims for fraudulent misrepresentation and unjust enrichment. Plaintiff alleges that the Defendants falsely promised him a salary of $85,000, and throughout the period from 2011 through 2015, falsely promised him that they would make up whatever he was owed. *See* Pl.'s Mem. (Dkt. 52) at 12-14. As explained above, James and David Berry Hill's oral representations are the core of the parties' dispute regarding the terms of the oral agreement *vel non*.

The Court rejects Defendants' argument that the parties' oral agreement is barred by the Statute of Frauds.  *See* N.Y. Gen. Oblig. Law § 5-701.  Oral contracts for at-will employment satisfy the Statute of Frauds because they can be completed within one year.  *See Kaplan v. Old Mut., PLC*, No. 08-CV-8366 (CS), 2009 WL 10655794, at *2-3 (S.D.N.Y. July 10, 2009) (Statute of Frauds does not bar at-will employment agreements).  Even assuming performance could not be completed within a year under the parties' agreement, the Statute of Frauds does not bar the agreement because the Defendants have admitted the existence of a valid contract between the parties.  *See* N.Y. Gen. Oblig. Law § 5-701 (b)(3)(c); *see also* Hill Tr. R at 85:5-6 (conceding that there was an agreement in place).  While the terms of the parties' agreement are subject to dispute, the existence of an agreement is not, and their agreement satisfies the Statute of Frauds.

Because there are material questions of fact, both parties' motions for summary judgment on Plaintiff's claims for breach of contract, unjust enrichment, and fraudulent misrepresentation are DENIED.

**2.     Ream's FLSA and NYLL Claims**

Ream is, however, entitled to summary judgment on his FLSA and NYLL claims. Federal and state law require employers to pay at least minimum wage.  *See* 29 U.S.C. § 206; N.Y. Lab. Law § 652.  There is no dispute that Ream was an "employee" of the Gallery for the purposes of the FLSA and NYLL, and that Ream was paid less than minimum wage in 2015. The Defendants concede that Ream was paid only $7,000 in wages in 2015, approximately

$8,000 less than the applicable federal minimum wage and approximately $11,000 less than the applicable New York minimum wage.[8]  *See* Defs.' Mem. at 2-3; Pl.'s Mem. at 5, 9.[9]

There is no support in the record for Defendants' insistence that they had a good faith belief they were in compliance with applicable wage-and-hour laws.  The FLSA provides that a district court has "discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA."  *Barfield*

---

[8]  Defendants made a belated attempt at a Rule 68 offer of judgment in the amount of $8,080 in their opposition to the motion for summary judgment.  *See* Defs.' Mem. at 3 ("Pursuant to Federal Rules [sic] of Civil Procedure ('FRCP') 68, an Offer [sic] is being made to Plaintiff of the differential for the 2015 short fall under the FLSA.").  Defendants have cited no authority that permits them to make an offer of judgment—in truth an offer of settlement—in an opposition brief.  To the extent Defendants' unorthodox (to put it mildly) offer is valid, it was rejected by Ream.  Because Ream is entitled to more than $8,080 in damages on his New York Labor Law minimum wage claim and is, in all events, entitled to liquidated damages on this claim, the judgment in his favor will be greater than the offer so that the fee-shifting provision of Rule 68(d) is inapplicable.  *See* Fed. R. Civ. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.").

[9]  Defendants have a variety of cockamamie arguments that are not worthy of extended discussion, at least partly because it is not clear whether they are intended to respond to Plaintiff's minimum wage claims or his contract claims.  Under wage-and-hour laws, an employer cannot average payments to an employee over years (or even months) to demonstrate compliance with the minimum wage laws.  In this circuit, the minimum wage requirement is assessed by looking at the number of hours actually worked in a week, multiplied by the minimum hourly wage.  If the amount of wages paid for the week is less than that amount, there is a minimum wage violation.  *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960).  Although the holding of Klinghoffer has been criticized, no court has ever suggested that compliance with minimum wage can be proven by doing the same calculation for periods of pay longer than a week.

Equally unavailing is Defendants' argument that the Court should consider the value of Plaintiff's fringe benefits.  *See Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792, 794 (10th Cir. 1976) (excluding health insurance from calculations of minimum wage); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d, 1314, 1322 (S.D. Fla. 2005) (same).

Finally, the Court rejects James Berry Hill's argument that he is not individually liable for wage-and-hour violations because Ream did not provide him with notice of his claims within 180 days of termination as New York Business Corporation Law § 630 requires.  *See* N.Y. Bus. Corp. Law § 630(a).  Section 630(a) is irrelevant to this case because Ream contends that James Berry Hill, individually, qualifies as an "employer" under New York Labor Law and the FLSA.  *See* 29 U.S.C. § 203(d) (defining an "employer" as any "person acting directly or indirectly in the interest of an employer in relation to an employee"); *Ramirez v. Riverbay Corp.*, 35 F. Supp. 3d 513, 521 n.2 (S.D.N.Y. 2014); *see also Sethi v. Narod*, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) ("District courts in this Circuit 'have interpreted the definition of "employer" under the [NYLL] coextensively with the definition used by the FLSA.'" (quoting *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010))) (other citations omitted).  James Berry Hill has provided no evidence to controvert Plaintiff's argument that he was an "employer" within the meaning of that term as used in the New York Labor Law and the FLSA.

7

*v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (citing 29 U.S.C. § 260); *see also* N.Y. Lab. Law §§ 198(1-a), 663(1) (plaintiffs are entitled to liquidated damages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law"). "The employer bears the burden of proving good faith and reasonableness, [and] the burden is a difficult one, with double damages being the norm and single damages the exception." *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 504 (S.D.N.Y. 2015) (alteration in original) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). "To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them." *Herman*, 172 F.3d at 142. The record is devoid of any evidence that any Defendant took any affirmative steps to ensure compliance with applicable wage-and-hour laws. There is no evidence that Defendants determined Ream's compensation in consultation with an accountant or bookkeeper, *see Genao v. Blessed Sacrament Sch.*, No. 07-CV-3979 (CLP), 2009 WL 3171951, at *11 (E.D.N.Y. Oct. 1, 2009), or that they discussed compliance with the FLSA with a subject-matter expert, *see Doty v. Elias*, 733 F.2d 720, 726 (10th Cir. 1984). Rather Defendants appear to rely on their history of paying Ream more than minimum wage, and the fact that they paid for Ream's health insurance in 2015. Neither of these facts establishes good faith for purposes of the FLSA and New York state labor law.

For all of these reasons, Plaintiff's motion for summary judgment is granted in an amount to be determined. Plaintiff is ordered to provide a damages calculation, prepared in an excel spreadsheet, limited to his 2015 wage-and-hour claims. The damages calculation should include damages under the FLSA and under NYLL, liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, Ream's motion for summary judgment is GRANTED IN PART AND DENIED IN PART.  Ream's motion for summary judgment is granted with respect to his wage-and-hour claims, Counts One, Two, and Six, and denied with respect to his breach of contract, unjust enrichment, and fraudulent misrepresentation claims, Counts Three, Four, and Five.  Defendants' motion for summary judgment is DENIED in its entirety.

The parties are directed to appear for a status conference with the Court at **10:00 a.m. on August 17, 2018**, so that the Court may set a trial schedule.

**SO ORDERED.**

Date:  July 24, 2018                                          _Valerie Caproni_____
            New York, NY                                      **VALERIE CAPRONI**
                                                              **United States District Judge**