UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER REAM,

                         Plaintiff,

    -v-

BERRY-HILL GALLERIES, INC., et al.,

                         Defendant.

CIVIL ACTION NO.: 16 Civ. 7462 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

As set forth below, by **October 16, 2020** Plaintiff shall inform the Court how he intends to proceed in this matter.

## I.      BACKGROUND

### A.    Procedural History

On September 23, 2016, Plaintiff filed a complaint against Berry-Hill Galleries, Inc., and individual defendants James Berry Hill and David Berry Hill, alleging employment-related claims, inter alia, for breach of contract and under the Fair Labor Standards Act (the "FLSA"). (ECF No. 1).

On October 10, 2018, after a settlement conference before the Honorable Henry B. Pitman, the magistrate judge to whom this case was then assigned, the parties reached an agreement and entered the material settlement terms on the record (the "Agreement"). (ECF No. 100). One of the material terms was Defendants' execution of a Confession of Judgment in the amount of $150,000. (Id. at 4). The Agreement did not provide that the Court would retain jurisdiction, but instead contemplated that the Plaintiff would enter a voluntary dismissal once he had been paid pursuant to the Agreement. (ECF No. 80-1 ¶ 9 (this case "shall not be dismissed

until all payments have been received . . . within fifteen (15) days after the payment has been received . . . counsel shall forthwith file Discontinuance with Prejudice")).

According to the post-conference transcript, Judge Pitman construed the Agreement as settling Plaintiff's breach of contract claim, not Plaintiff's FLSA claim, and therefore determined that it was not necessary to review the Agreement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  (Id.)  In her October 16, 2018 Order noting that the parties had settled, however, the Honorable Valerie E. Caproni, the District Judge to whom the case was assigned, stated that "the parties may not dismiss this action with prejudice unless the settlement agreement has been approved by either the Court or the Department of Labor (DOL)." (ECF No. 76 at 1 (citing Cheeks, 796 F.3d at 206)).  The record does not otherwise contain any indication of Cheeks review of the Agreement.

On October 26, 2018, the parties consented to Judge Pitman's jurisdiction for the remainder of the proceedings.  (ECF Nos. 77–78).  On February 25, 2019, Plaintiff requested a conference to discuss Defendants' breach of the Agreement.  (ECF No. 79).  On March 14, 2019, Plaintiff filed a proposed judgment, attaching the Agreement and Defendants' Confession of Judgment.  (ECF No. 80).

On April 29, 2019, Judge Pitman held a status conference, at which Defendants did not appear.  (ECF No. 98 at 3).  Plaintiff explained that Defendants failed to meet the February 15, 2019 payment deadline as set in the Agreement, and requested that the Court enter judgment consistent with the Confession of Judgment.  (Id.)  Based on Plaintiff's affirmation in support of the judgment (ECF No. 87), Judge Pitman entered judgment against James Berry Hill and Berry-Hill Galleries, Inc., in the amount of $150,000 (the "Judgment").  (ECF No. 98 at 6; ECF No. 88).

At the parties' direction, Judge Pitman also dismissed the claims against individual defendant David Berry Hill without prejudice. (ECF No. 98 at 7). After the Judgment was entered, the case was closed automatically by the Clerk of court. (See ECF entry May 3, 2019). No dismissal of any claims was ever entered on the record or approved by the Court.

On July 12, 2019, Plaintiff served post-judgment interrogatories on James Berry Hill, who failed to answer them, and Plaintiff then moved to compel. (ECF No. 90). On September 27, 2019, after James Berry Hill failed to respond to the motion to compel, Judge Pitman ordered him to comply with the subpoena in 30 days. (ECF No. 93). On December 13, 2019, Plaintiff filed a Motion for Contempt for Defendants' failure to respond to the subpoena (the "Contempt Motion"). (ECF No. 94). Defendants have not filed any opposition to the Contempt Motion.

On August 24, 2020, this case was reassigned to the undersigned (ECF entry Aug. 24, 2020), and on September 15, 2020, the Court held a status conference with the parties (ECF No. 96). During that conference, the Court directed Plaintiff to request and file transcripts of certain conferences before Judge Pitman to enable the Court to clarify the record and determine the status of the case. Following the conference, the Court administratively terminated the Contempt Motion. (ECF No. 97).

> **B.**      **The Agreement and Confession of Judgment**

The Court's record does not include a fully-executed copy of the Agreement. The Agreement filed at ECF No. 80 is incomplete — it is missing Plaintiff's initials at the bottom of each page, and is missing page eight, the signature page. (ECF No. 80-1). The Agreement does not provide that this Court would retain jurisdiction for purposes of enforcement. (Id.)

Defendants executed the Confession of Judgment at the same time as the Agreement. (ECF No. 80-1).  The Confession of Judgment is not notarized (id.), and, according to the transcript of the April 29, 2020 conference, the parties do not have a notarized version (ECF No. 98).  The Confession of Judgment, although captioned as a document in this action, also does not provide that this Court retain jurisdiction for enforcement.  (ECF No. 80-1).

C.      Choice of Law

At the inception of this matter, subject matter jurisdiction in this Court was based on Plaintiff's FLSA claims.  (ECF No. 1 ¶ 2 ("Jurisdiction in this Court is based on 29 U.S.C. § 206, the Fair Labor Standards Act")).  The parties and the Court, however, construed the Agreement to be a settlement of Plaintiff's breach of contract, rather than his FLSA, claim.  The Agreement provides that "[t]he laws of the State of New York govern and control interpretation of this confession of judgment."  (ECF No. 80-1 at 6).  Accordingly, the Court will apply New York law to determine whether it has jurisdiction over the Agreement and Confession of Judgment, as well as the ensuing Contempt Motion.

II.      DISCUSSION

A.      Legal standards

1.      Jurisdiction over settlement agreements

Actions to enforce settlement agreements are "in essence, [breach of] contract actions . . . governed by state law and [] do not themselves raise a federal question unless the court [that] approved the settlement retained jurisdiction."  Thurston v. Flyfit Holdings, LLC, No. 18 Civ. 9044 (PAE) (SN), 2020 WL 2904065, at *2 (S.D.N.Y. June 3, 2020) (internal citations omitted).  When asked to enforce a settlement agreement, a court may elect to exercise its ancillary jurisdiction

if its order of dismissal "either (1) expressly retain[ed] jurisdiction over the settlement agreement, or (2) incorporate[d] the terms of the settlement agreement in the order." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)).  If either of these "Kokkonen" prerequisites is met, the district court "necessarily makes compliance with the terms of the settlement agreement a part of its order so that a breach of the agreement would be a violation of the order." StreetEasy, Inc. v. Chertok, 752 F.3d 298, 305 (2d Cir. 2014) (internal citations omitted).  As a result, the court may "'enforce the settlement as an exercise of its ancillary jurisdiction.'" Id. (quoting Kokkonen, 511 U.S. at 380).

A court's "mere awareness and approval of the terms of [a] settlement agreement do not suffice to make them part of [its] order." Kokkonen, 511 U.S. at 318.  The Second Circuit has explained that a court cannot retain jurisdiction simply by "plac[ing] its 'judicial imprimatur' on the agreement." Hendrickson, 791 F.3d at 358–59 (citation omitted).  Thus, "where approval orders lack language explicitly expressing intent to retain jurisdiction or to incorporate the terms of the parties' settlement agreement, courts generally decline to enforce settlement agreements." Thurston, 2020 WL 2904065, at *2; see also StreetEasy, 752 F.3d at 305 (dismissal order lacking explicit reference to retaining jurisdiction or incorporating terms "merely acknowledge[d] the existence of the settlement that precipitated the dismissal" and did not confer jurisdiction to enforce it); Sanchez v. Charity Rest. Corp., No. 14 Civ. 5468 (HBP), 2019 WL 4187356, at *2 (S.D.N.Y. Sept. 4, 2019) (approving FLSA and NYLL settlement pursuant to Cheeks, but court's recitation of material terms of settlement in open court, inquiry into fairness of that settlement, and inclusion of material terms of settlement agreement in the

5

order of dismissal did not render the terms of the agreement "incorporated" for ancillary jurisdiction purposes); Melchor v. Eisen & Son Inc., No. 15 Civ. 113 (DF), 2016 WL 3443649, at *8 (S.D.N.Y. June 10, 2016) (holding that court's memo endorsement of counsel's submission requesting approval of FLSA and NYLL settlement did not "incorporate" settlement terms into its order); Mao v. Mee Chi Corp., No. 15 Civ. 1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no ancillary jurisdiction in FLSA case where court's order approving settlement agreement pursuant to Cheeks and dismissing case lacked explicit reference to either Kokkonen requirement).

### 2.    Confessions of judgment

The Federal Rules of Civil Procedure do not specifically contemplate entry of judgment by confession.  Nevertheless, "'[a] federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made.'"  Xerox Corp. v. W. Coast Litho, Inc., 251 F. Supp. 3d 534, 538 (W.D.N.Y. 2017) (quoting LOL Fin. Co. v. Carrigan, No. 16 Civ. 000651 (SRN/TNL), 2016 WL 4154339, at *2 (D. Minn. Aug. 5, 2016)); see also D.H. Overmyer Co., Inc. v. Frick Co., 405 U.S. 174, 185, 92 (1972) (holding that a confession of judgment provision may be valid where the confession was "voluntary, knowing, and intelligently made"); Alland v. Consumers Credit Corp., 476 F.2d 951, 958 (2d Cir. 1973) ("[A]lthough the district court correctly ruled that the entry of a confessed judgment is a matter of procedure where the federal rules govern for purposes of Erie, questions regarding the interpretation to be given language in the confession of judgment are governed, as are other written agreements, by substantive state law.").

New York law provides, subject to one exception not relevant to this case,[1] that "a

judgment by confession may be entered, without an action, either for money due or to become

due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both,

upon an affidavit executed by the defendant." N.Y. CPLR § 3218(a).  Absent exceptions not

applicable here,[2] this affidavit must be notarized.  N.Y. CPLR § R2106.

### 3.    Review of FLSA settlement agreements

As Judge Caproni cautioned in her October 16, 2018 Order, "the parties may not dismiss

this action with prejudice unless the settlement agreement has been approved by either the

Court or the Department of Labor (DOL)."  (ECF No. 76 at 1 (citing Cheeks v. Freeport Pancake

House, Inc., 796 F.3d 199, 206 (2d Cir. 2015))).  Judge Caproni also informed the parties that the

"Second Circuit has left open for future decision whether an FLSA case may be settled without

Court or DOL approval and dismissed without prejudice pursuant to Federal Rule of Civil

Procedure 41(a)(1)(A)."  (ECF No. 76 at 2 (citing Cheeks, 796 F.3d at 201 n.2)).  Judge Caproni

noted that if the parties wanted to proceed without Court approval they could submit a

Rule 41(a)(1)(A) stipulation, but warned the parties that dismissal without Court review would

result in a dismissal without prejudice.  (Id.)

Courts reviewing FLSA settlement agreements for fairness consider the following factors:

(1) the plaintiff's range of possible discovery; (2) the extent to which "the settlement will enable

the parties to avoid anticipated burdens and expenses in establishing their respective claims and

---

[1] The exception is found in N.Y. C.P.L.R. 3201, which concerns confessions of judgment before default on certain installment contracts.  See N.Y. C.P.L.R. 3201, 3218.

[2] Attorneys, physicians, osteopaths and dentists may swear to an affirmation "in lieu of and with the same force and effect as an affidavit." NY CPLR § R2106(a).

defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel;" and (5) the possibility of fraud or collusion. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Letters submitted with the settlement agreement for the Court's review must also explain whether there is a bona fide dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement plaintiff's attorney is seeking in fees. See Cheeks, 796 F.3d at 206.

### B.      Application

For this Court to have jurisdiction to enforce the Agreement and Confession of Judgment, the Court must have "either (1) expressly retain[ed] jurisdiction over the settlement agreement, or (2) incorporate[d] the terms of the settlement agreement in the order." Hendrickson, 791 F.3d at 358. Neither the Agreement nor the Confession of Judgment expressly requested that the Court retain jurisdiction for purposes of enforcement. (See ECF No. 80-1). In addition, there is no Court order incorporating the terms of the Agreement or Confession of Judgment or stating that the Court intended to retain jurisdiction. See Hendrickson, 791 F.3d at 358.

Nevertheless, the Court notes that Judge Pitman exercised jurisdiction over the Agreement by granting Plaintiff's request to enter Judgment against the Defendants pursuant to the Confession of Judgment executed with the Agreement. (ECF No. 88). While Judge Pitman did order Defendant James Berry Hill to comply with a post-judgment information subpoena, the Judgment itself did not provide that the Court would retain jurisdiction over its enforcement. (See ECF No. 93). In addition, as noted above, no dismissal of Plaintiff's claims was ever entered.

Plaintiffs now request the Court's continued involvement to enforce the Judgment and grant the Contempt Motion. (ECF No. 94). There are two obstacles to the Court's ability to take further action. First, New York law requires that affidavits, including Defendants' affidavit of Confession of Judgment, be notarized. See N.Y. C.P.L.R. §§ 3218(a) and R2106. Here, because the Confession of Judgment was not notarized (ECF No. 80-1 at 10), it cannot form the basis for the entry of a valid judgment against Defendants. (ECF No. 88). Rivers v. Birnbaum, 102 A.D.3d 26, 45 (2012) (finding affidavit invalid and inadmissible where it was "not signed, not dated, and not notarized") (citing Zuckerman v. City of New York, 49 N.Y.2d 557, 56 (1980)). This defect calls into question the enforceability of the Judgment.

Second, the Agreement in the Court's record is incomplete. The copy of the Agreement at ECF No. 80-1 is missing Plaintiff's initials on the bottom of each page, and does not include page eight, the signature page. (See ECF No. 80-1). In addition, the Agreement pages seem to be out of order.

Accordingly, Plaintiff must submit the fully-executed Agreement along with a letter explaining why the Agreement is fair and reasonable to permit the Court to undertake a proper Cheeks review. If the Court finds the Agreement fair and reasonable under Cheeks, Plaintiff may then request that the Court retain jurisdiction for enforcement.

In the alternative, Plaintiff may request that the Court hold a settlement conference with the parties. Any agreement reached would thereafter be subject to Cheeks review. If Plaintiff wishes to pursue this avenue, he must meet and confer with Defendants and provide the parties' availability in his letter to the Court.

In the further alternative, if Plaintiff seeks to enforce the Agreement or Confession of Judgment as is, he may bring a separate enforcement action in New York state court. See Thurston, 2020 WL 2904065, at *3 ("[Plaintiff is at liberty, of course, to pursue enforcement of the Agreement, like any contract, in a state court of competent jurisdiction.").

### III.    CONCLUSION

For the reasons set forth above, the Court declines to enforce the Agreement, Confession of Judgment, or Judgment on the current record. By **October 16, 2020**, Plaintiffs shall file a letter on the docket informing the Court as to which of the above options they have to proceed in this action. Until further notice, this case remains closed.

Dated:     New York, New York
           October 1, 2020

SO ORDERED

SARAH L. CAVE
**United States Magistrate Judge**

10