UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER REAM,

                          Plaintiff,

     -v-

BERRY-HILL GALLERIES, INC., et al.,

                          Defendant.

CIVIL ACTION NO.: 16 Civ. 7462 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

As set forth in the Court's order at ECF No. 103, the Court previously declined to enforce a settlement agreement (the "Agreement") and Confession of Judgment in this wage and hour case because the Court had not reviewed or approved the Agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  (ECF No. 103 at 2).

Thereafter, the Court stated that Plaintiff could (1) submit "the fully-executed Agreement along with a letter explaining why the Agreement is fair and reasonable" pursuant to Cheeks, (2) request a further settlement conference, or (3) if he wished to enforce the Agreement and Confession of Judgment in their current form, "bring a separate enforcement action in New York State Court."  (ECF No. 103 at 9–10).  Plaintiff's counsel has now submitted a letter in support of settlement (the "Fairness Submission") (ECF No. 104) and the Agreement (ECF No. 106), which the Plaintiff himself has not executed, for the Court's review under Cheeks.

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are not in as good a position as the parties to determine the reasonableness of a FLSA settlement."  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (internal citation omitted).  However, having carefully reviewed the Fairness Submission, the Agreement and the accompanying exhibits, the Court

finds that the terms of the Agreement do not appear to be fair and reasonable, as addressed further below.

As a preliminary matter, Plaintiff has not submitted a fully executed copy of the Agreement.  The Court previously noted that it had not been provided with a copy of the Agreement containing Plaintiff's signature (ECF No. 103 at 3, 9), and ordered Plaintiff to "submit the fully-executed Agreement along with a letter explaining why the Agreement is fair and reasonable[.]" (ECF No. 103 at 9).  On October 14, 2020, Plaintiff's counsel filed the Fairness Submission without attaching <u>any</u> copy of the Agreement (ECF No. 104), and the Court again requested a "fully executed copy" of the Agreement (ECF No. 105).  In response, Plaintiff's counsel attached the same version of the Agreement already presented to the Court – a copy executed by Defendants but not by Plaintiff.  (ECF No. 106).

The failure to provide the Court with a fully-executed copy of the Agreement is "alone is enough of a basis to deny [the <u>Cheeks</u>] motion" because "[a] prerequisite before submission for approval by the court is a fully executed settlement agreement."  <u>Hernandez v. Fresh Diet Inc.</u>, No. 12 Civ. 4339, 2017 WL 4838328, at *4–5 (S.D.N.Y. Oct. 25, 2017) ("Although the Court has approved the February Agreement as to its form, a fully executed settlement agreement has not been submitted to the Court for <u>Cheeks</u> approval and the Court has not endorsed the stipulation of dismissal.  Therefore, the settlement is not binding.  This reason alone is enough to deny Plaintiffs' motion."); <u>see</u> <u>also</u> <u>Samaroo v. Delux Delivery Sys.</u>, 11 Civ. 3391, 2016 WL 1070346, at *3 (S.D.N.Y. Mar. 21, 2016) (denying approval of FLSA settlement as to certain plaintiffs who did not sign the settlement agreement).

Even if Plaintiff had provided a fully-executed copy of the Agreement, the Court finds that

it is not fair and reasonable for the reasons set forth below.

First, despite Plaintiff's counsel's representation that the Agreement's release is "strictly

limited to FLSA wage and hour claims against Defendants" (ECF No. 104 at 3), the Court finds that

the Agreement includes impermissibly "broad releases." Lopez v. Nights of Cabiria, LLC, 96 F.

Supp. 3d 170, 175 (S.D.N.Y. 2015).  The second "Whereas" clause of the Agreement states:

> WHEREAS, it is the intent and desire of the parties hereto to fully and finally resolve all disputes, differences, or claims, whether known or unknown, which presently exist between them relating to, arising out of, or in any way connected with the PLAINTIFFS' CLAIM, prior litigations, or any other claims arising out of the filing or prosecution of the PLAINTIFFS' CLAIM, or otherwise between the parties from the beginning of the world until the Effective Date, such that a party **hereto may never maintain another suit against another party for anything occurring before the Effective Date."**

(ECF No. 106 at 1) (emphasis added).  This language goes well beyond the claims Plaintiff asserted

in this case, or even claims related to his employment by Defendants.  Accordingly, the language

of the release "is far too sweeping to be fair and reasonable." Lopez, 96 F. Supp. 3d at 181 (finding

a general release too broad where it "purport[ed] to waive practically  any possible claim against

the defendants, including unknown claims and claims that have no relationship whatsoever to

wage-and-hour issues."); see Thallapaka v. Sheridan Hotel Assocs. LLC, No. 15 Civ. 1321, 2015 WL

5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (internal citation omitted) ("[A]n employer is not entitled

to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA"); Camacho

v. Ess-A-Bagel, Inc., No. 14 Civ. 2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)

("[T]he Court will not countenance employers using FLSA settlements to erase all liability

whatsoever in exchange for partial payment of wages allegedly required by statute.").  The

release must be restricted to the Plaintiff's wage and hour claims, or claims arising out of the identical factual predicate as the settled claims.  See Lopez, 96 F. Supp. 3d at 181.

Second, contrary to Plaintiff's contention that the Agreement "does not contain any unlawful confidentiality or non-disparagement provisions," (ECF No. 104 at 3), it in fact contains impermissible versions of both.   Section Eight of the Agreement, titled "Confidentiality Agreement" reads in part: "The parties agree to keep the fact, amount, terms, and subject matter of this settlement in strict confidence, and not to disclose this document, its contents or subject matter, any documentation relating in any way to any person[.]"  (ECF No. 106 at 5).  While the provision allows for disclosure of the Agreement for judicial review, it is still inappropriate because "even when the settlement papers are publicly available on the Court's docket, [a non-disclosure clause is] contrary to well-established public policy because it inhibits one of the FLSA's primary goals—to ensure that all workers are aware of their rights."  Lopez, 96 F. Supp. 3d at 177–78 (internal citations omitted); Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 337–38 (S.D.N.Y. 2012); Alvarez v. Schnipper Rests. LLC, No. 16 Civ. 5779 (ER), 2019 WL 5682633, at *3–4 (S.D.N.Y. 2019) (finding a non-disclosure provision not fair and reasonable where it prevented plaintiff "from publicizing the terms of the agreement and release to the media or from discussing them on social media."); Camacho v. Ess-A-Bagel, Inc., 2015 WL 129723, at *2.

In addition, Section Ten of the Agreement, titled, "Non-Disparagement" is not fair and reasonable because it does not include a carve out for truthful statements. See Lopez, 96 F. Supp. 3d at 180 n.65 ("It is important to note that not every non-disparagement clause in an FLSA settlement is per se objectionable.  As consideration for a settlement payment, plaintiffs, may contract away their right to say things that are insulting or calumnious about the defendants.  But

. . . it must include a carve out for truthful statements about plaintiffs' experience limiting their case."); Alvarez, 2019 WL 5682633, at *4 (stating that a non-disparagement clause must include a carve out for truthful statements).

Finally, the Court cannot approve Plaintiff's counsel's requested attorneys' fees of 36% of the settlement amount as reasonable.   Plaintiffs' Counsel states that, "[p]ursuant to the engagement agreement between our firm and the client, we respectfully request recovery of a third of the total net settlement amount. Everyone covered by this settlement has already agreed to the fee provided for in the settlement."  (ECF No. 104 at 3).  Inexplicably, elsewhere in the Fairness Submission counsel equates this to be "36% plus costs."  (Id. at 2, 3).  Courts do not typically grant fee awards greater than one third of the settlement amount, or 33 1/3%, and Plaintiff's counsel has offered no basis on which the Court should do so here.  See Martinez v. Gulluoglu LLC, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("Barring unusual circumstances not present here, courts in this District have declined to award fees constituting more than one-third of the total settlement amount in an FLSA action.") (collecting cases).

Indeed, the Agreement itself does not mention attorneys' fees as a percentage of the settlement amount, and counsel did not submit its engagement agreement with Plaintiff.  Per the Agreement, the $75,000 settlement amount was to be paid in one lump sum to Plaintiff's counsel.  (ECF No. 106 at 2).  The Agreement discusses attorneys' fees in the context of enforcement the Agreement or Confession of Judgment (id. at 2–3), but nowhere includes that Plaintiff's counsel is to retain one third of the settlement amount.  The Court also cannot evaluate the fairness of the requested fees and costs because those exact amounts are not included in the

Fairness Submission, nor did counsel submit supporting materials for the fees and costs allegedly incurred.   See Wolinsky, 900 F. Supp. 2d at 336 (noting that documentation included "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done"); see also Mamani v. Licetti, No. 13 Civ. 7002 (KMW) (JCF), 2014 WL 2971050, at *3 (S.D.N.Y. July 2, 2014) (rejecting request for attorneys' fees in the absence of substantiating documentation that would allow the court to assess the reasonableness of the fee).

For the reasons set forth above, the Court cannot approve the agreement in its current form.  The parties' options remain as follows: (1) they may revise the Agreement in accordance with this Order and submit a fully executed copy for the Court's review under Cheeks, (2) request that the Court conduct a settlement conference, or, (3) if Plaintiff desires to enforce the Agreement or Confession of Judgment as is, he may bring a separate enforcement action in New York state court.  See Thurston, 2020 WL 2904065, at *3 ("[Plaintiff is at liberty, of course, to pursue enforcement of the Agreement, like any contract, in a state court of competent jurisdiction.").  Plaintiff shall advise the Court by letter of the desired next step by **December 18, 2020.**

Dated:          New York, New York
                December 4, 2020

                                        SO ORDERED

                                        _____
                                        SARAH L. CAVE
                                        **United States Magistrate Judge**