UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER REAM,

                              Plaintiff,

-v-                                            CIVIL ACTION NO.: 16 Civ. 7462 (SLC)

BERRY-HILL GALLERIES, INC., et al.,                    **ORDER**

                              Defendant.

**SARAH L. CAVE**, United States Magistrate Judge.

Yesterday, February 9, 2021, the Court entered an order cancelling the Settlement Conference scheduled for Friday, February 12, 2021 at 10:00 am because the parties failed to comply with the Court's pre-conference procedures.  (ECF No. 115).

After the Order was docketed, the Court received an email from the Plaintiff disputing the timing of the pre-conference submissions, providing what purported to be his pre-conference statement, and requesting that the Court hold the settlement conference as originally scheduled or reopen the case.

The Court does not countenance counsel's protest regarding the timing of the pre-conference submissions – the deadline was referenced by date in the scheduling order, and the Court's practices clearly require the submissions four business days before the conference, making a submission on Tuesday for a Friday conference untimely.  The submission itself was addressed to the incorrect Judge, did not include the required case law and analysis of claim, and failed to include the required attendance form.  Because the Court's procedures require that the Plaintiff actually be in attendance at the settlement conference, the Court is not convinced that Plaintiff is aware of the scheduled conference and planned to attend.

In addition, Defendant did not comply with the Court's pre-conference requirements.  In response to Plaintiff's counsel's email to chambers, Defendant James Hill explained his medical

condition and that he is "judgment proof" and his former counsel represented that he is in Florida and cannot represent Defendant.

Based on the above, it is clear that a settlement conference would not be an appropriate use of judicial resources and the Court will not reschedule it at this time.

As the Court has repeatedly reminded Plaintiff, his options remain as follows:

1. Enforce the Agreement or Confession of Judgment as is by bringing a separate enforcement action in New York state court. See Thurston v. Flyfit Holdings, LLC, No. 18 Civ. 9044 (PAE) (SN), 2020 WL 2904065, at *3 (S.D.N.Y. June 3, 2020) ("[Plaintiff is at liberty, of course, to pursue enforcement of the Agreement, like any contract, in a state court of competent jurisdiction.").
2. Move to vacate the Judgment in this case and then proceed with default procedures against Defendant; or
3. Pursue other appropriate procedural remedies.

Plaintiff must notify the Court of its desired next steps by **February 24, 2021**. Failure to comply with this deadline will not be tolerated and may lead to sanctions. Defendant is warned that his failure to engage in this case may result in a default judgment against him despite his professed inability to pay under the original settlement agreement. To stay apprised of future filings in this case, it is Defendant's responsibility to provide the Court with his address by contacting the Pro Se Intake office; thereafter, the Court will mail copies of filings to that address. Plaintiff must provide Mr. Hill a copy of this Order.

Dated:    New York, New York
          February 10, 2021

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

2