UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER REAM,

                         Plaintiff,

    -v-

BERRY-HILL GALLERIES, INC., et al.,

                    Defendants.

CIVIL ACTION NO.: 16 Civ. 7462 (SLC)

**OPINION & ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I.      INTRODUCTION

On September 23, 2016, Plaintiff Christopher Ream ("Ream") commenced this action against Defendants Berry-Hill Galleries, Inc. (the "Galleries") and its two principals, James Berry Hill ("James Hill") and David Berry Hill ("David Hill," together with the Galleries and James Hill, "Defendants"), asserting claims for unpaid wages under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 190 et seq., and for breach of contract, unjust enrichment, and fraudulent misrepresentation. (ECF No. 1). On May 3, 2019, the Honorable Henry B. Pitman entered judgment (the "Judgment") in favor of Ream against the Galleries and James Hill, dismissed without prejudice Ream's claims against David Hill, and closed the case. (ECF Nos. 88; 89).

Ream now moves to vacate the Judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 120 (the "Motion")). For the reasons set forth below, the Motion is DENIED.

## II.     BACKGROUND

### A.  Factual Background

The factual background of this action is set out in the Opinion and Order issued by the Honorable Valerie E. Caproni on July 24, 2018.  (ECF No. 68).  See Ream v. Hill, No. 16 Civ. 7462 (VEC), 2018 WL 3579846, at *2 (S.D.N.Y. July 24, 2018).  The Court incorporates that background by reference and sets forth only those facts necessary to resolve the Motion.

Ream worked as an art preparator at the Galleries from 1985 to 2010, and then again from 2011 to 2015.  Ream, 2018 WL 3579846, at *1–2.  According to Ream, the same oral agreement governed his employment during both periods.  Id. at *1.  He claims that he left the Galleries in 2010, returned based on a promise of payment in 2011, left again in 2015 due to underpayment of salary, and that the Galleries failed to pay him minimum wage in 2015. Id. at *2.  Ream claims that the parties agreed he would be paid a fixed annual salary of $85,000. Id.

### B.  Procedural Background

On September 23, 2016, Ream filed the Complaint, asserting wage-and-hour claims under the FLSA and NYLL (see ECF No. 1 ¶¶ 21–36, 64–70 (the "Wage Claims")), and claims for breach of contract, unjust enrichment, and fraudulent misrepresentation (the "Common Law Claims")). (Id. ¶¶ 37–63).

On January 23, 2017, Defendants answered the Complaint.  (ECF No. 23).  Discovery closed on August 1, 2017.  (ECF No. 32).  On August 7, 2017, Judge Caproni directed the parties to exchange certain additional discovery, and set a briefing schedule for motions for summary judgment.  (ECF No. 46).

On August 15, 2017, Judge Caproni stayed this action as to David Hill, who filed for bankruptcy under Chapter 13 of the Bankruptcy Code.  (ECF No. 48).  The stay did not apply to James Hill or the Galleries.  (Id.)

On September 14, 2017, Ream moved for summary judgment (ECF No. 50 ("Ream's MSJ")) and, on October 18, 2017, the Galleries and James Hill cross-moved.  (ECF No. 58 (the "Moving Defendants' MSJ")).  On July 24, 2018, Judge Caproni partially granted Ream's MSJ, and denied the Moving Defendants' MSJ.  (ECF No. 68).  Specifically, Judge Caproni ruled in Ream's favor as to the Wage Claims, and denied summary judgment as to the Common Law Claims due to the presence of disputed factual issues.  (Id. at 4–9).

On September 21, 2018, in response to Ream's request, Judge Caproni referred the case to Judge Pitman for settlement.  (ECF Nos. 73; 74).  On October 10, 2018, Judge Pitman held a settlement conference, and the parties reached an agreement.  (ECF min. entry Oct. 10, 2018).  Judge Pitman entered on the record the material terms of the parties' settlement agreement (the "Agreement"), as follows:

> On or before February 15, 2019, defendant will pay to the plaintiff the total sum of $75,000 in full and final satisfaction of all claims asserted by plaintiff in this action. If defendants do not pay the 75,000 on or before February 15, 2019, plaintiff will then have the right to serve a Notice of Default on defendants. If defendants fail to cure that default within 10 business days, the plaintiff will have the right to enter judgment by confession against the defendants—. . . against Mr. James Hill and the [Gallery]—in the amount of $150,000, and the defendants, James Hill and the [Gallery], will execute Confessions of Judgment to that effect, that is, that $150,000 judgment can be entered if payment is not made by February 15th.  In addition, Mr. James Hill and the [Gallery] will release all claims they have against plaintiff. The plaintiff will release all claims that he has against Mr. James Hill, Mr. Hill's son—and that's David Hill—and the [Gallery]. There is no agreement with respect to the dischargeability of the debt created by the settlement with a Confession of Judgment; there is no agreement as to the dischargeability of either in bankruptcy. The parties agree to mutual nondisparagement; neither is going to say anything that disparages the other.

(ECF No. 101 at 3–4).  Judge Pitman construed the Agreement as settling Ream's "remaining breach of contract claim[,]" not his FLSA claim, such that it was not necessary to review the Agreement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  (Id. at 6).

On October 16, 2018, after receiving notice of the settlement, Judge Caproni advised the parties that they "may not dismiss this action with prejudice unless the settlement agreement has been approved by either the Court or the Department of Labor (DOL)."  (ECF No. 76 at 1 (citing Cheeks, 796 F.3d at 206)).  Judge Caproni also advised the parties that they "may consent to conducting all further proceedings before" Judge Pitman.  (Id. at 3).

On October 26, 2018, Ream filed a form entitled Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. (ECF No. 77 (the "Consent Form")). On November 13, 2018, the Consent Form was so-ordered, and the case was reassigned to Judge Pitman for all purposes. (ECF No. 78).

On February 25, 2019, Ream requested a conference with Judge Pitman to discuss James Hill's alleged breach of the Agreement.  (ECF No. 79).  On March 14, 2019, Ream filed a proposed judgment, along with a written version of the Agreement, which was initialed by James Hill but was missing the signature page as well as initialing by Ream, and a confession of judgment (the "Confession of Judgment") that was signed by James Hill but not notarized.  (ECF Nos. 80; 80-1). On March 24, 2019, Ream's counsel filed an affirmation in support of the proposed judgment, stating that James Hill and the Galleries had failed to make any payments under the Agreement by the February 15, 2019 deadline, and requesting that the Court enter judgment consistent with the Confession of Judgment.  (ECF No. 83).

On April 29, 2019, Judge Pitman held a status conference "to discuss the need for <u>Cheeks</u> approval and other issues with respect to the parties' proposed settlement and the ultimate disposition of this action."  (ECF No. 84; <u>see</u> ECF min. entry April 29, 2019; ECF No. 98).  Ream's counsel again advised Judge Pitman that that James Hill failed to meet the February 15, 2019 payment deadline under the Agreement, and requested entry of judgment consistent with the Confession of Judgment.  (ECF No. 98 at 3–4).  Ream's counsel agreed to withdraw Ream's claims against David Hill.  (<u>Id.</u> at 5).  Judge Pitman indicated that he would enter judgment against James Hill and the Galleries and dismiss Ream's claims against David Hill.  (<u>Id.</u> at 6).  <u>Cheeks</u> approval was not discussed.

On May 3, 2019, Judge Pitman entered the Judgment in Ream's favor against James Hill and the Galleries in the amount of $150,000.  (ECF No. 88).  That same day, "[w]ith the consent of plaintiff's counsel," Judge Pitman dismissed without prejudice Ream's claims against David Hill.  (ECF No. 89).  After the Judgment was entered, the Clerk of Court closed the case.  (<u>See</u> ECF min. entry May 3, 2019).

On July 12, 2019, Ream moved to compel James Hill's compliance with a post-judgment information subpoena (the "Subpoena").  (ECF No. 90 (the "MTC")).  On September 27, 2019, after James Hill failed to respond to MTC, Judge Pitman ordered him to comply with the Subpoena within 30 days.  (ECF No. 93).  On December 13, 2019, Ream filed a motion for contempt based on James Hill's failure to comply with the Subpoena.  (ECF No. 94 (the "Contempt Motion")).  James Hill did not respond to the Contempt Motion.

On August 24, 2020, this case was reassigned to the undersigned (ECF min. entry Aug. 24, 2020), and on September 15, 2020, the Court held a status conference.  (ECF min. entry Sept. 15,

2020).  The Court directed Ream to request and file transcripts of certain conferences before Judge Pitman to enable the Court to clarify the record and determine the status of the case, and administratively terminated the Contempt Motion.  (ECF No. 97).

On October 1, 2020, "the Court decline[d] to enforce the Agreement, Confession of Judgment, or Judgment on the current record."  (ECF No. 103 at 10).  The Court noted that, because the Confession of Judgment was not notarized, "it cannot form the basis for the entry of a valid judgment[.]"  (Id. at 9; see N.Y. C.P.L.R. §§ 2106 and 3218(a)).  The Court also noted that the Agreement filed with the Court was incomplete.  (Id. at 9).  The Court advised Ream that his options for proceeding were to: (i) submit the fully-executed Agreement along with a letter explaining why the Agreement is fair and reasonable to permit the Court to undertake a proper Cheeks review; (ii) request that the Court hold a settlement conference with the parties, after which the Court would review any settlement agreement under Cheeks; or (iii) seek to enforce the Agreement or Confession of Judgment by bringing a separate enforcement action in New York State court.  (Id. at 9–10).

On October 14, 2020, Ream asked the Court to approve the Agreement under Cheeks, but again failed to submit the Agreement.  (ECF No. 104).  On October 15, 2020, Ream re-submitted the deficient Agreement, i.e., the version initialed by James Hill but not Ream and missing the signature page.  (ECF No. 106).

On December 4, 2020, the Court declined to approve the Agreement, both because Ream failed to submit a fully-executed copy and, in any event, because the terms of the Agreement were not fair and reasonable.  (ECF No. 108).  The Court reminded the parties' that their "options remain as follows: (1) they may revise the Agreement in accordance with this Order and submit

a fully executed copy for the Court's review under <u>Cheeks</u>, (2) request that the Court conduct a settlement conference, or, (3) if Plaintiff desires to enforce the Agreement or Confession of Judgment as is, he may bring a separate enforcement action in New York state court." (<u>Id.</u> at 6).

On January 4, 2021, Ream filed a letter addressed to Judge Caproni, stating that "the current remedies offered by the Magistrate are not sufficient for the Plaintiff and he would prefer to go to Trial." (ECF No. 109 at 1). That same day, Judge Caproni, "constru[ing] Plaintiff's letter as a motion to vacate the reference to the magistrate judge," denied the request. (ECF No. 110 at 3). On January 5, 2021, the Court reiterated its finding that "the parties' [A]greement does not pass <u>Cheeks</u> review, and therefore, the Court will not enforce the [J]udgment that was entered without <u>Cheeks</u> review[,]" noting that "[t]he parties' remedies remain as set forth in ECF No. 108[.]" (ECF No. 111 at 2).

At Ream's request (ECF No. 112), the Court scheduled a settlement conference for February 11, 2021. (ECF No. 113). On February 9, 2021, after both parties failed to comply with the Court's pre-conference procedures, the Court cancelled the settlement conference. (ECF No. 115). On February 10, 2021, the Court reminded Ream that "his options remain as follows:"

> 1. Enforce the Agreement or Confession of Judgment as is by bringing a separate enforcement action in New York state court.
>
> 2. Move to vacate the Judgment in this case and then proceed with default procedures against Defendant[s]; or
>
> 3. Pursue other appropriate procedural remedies.

(ECF No. 116 at 2 (citation omitted)).

On February 24, 2021, Ream filed a letter advising that he "wishes to move to vacate the Judgment" as "invalid because <u>Cheeks</u> review did not take place[.]" (ECF No. 117).  He asked "the Court to <u>sua</u> <u>sponte</u> vacate the Judgment, [or] in the alternative, let [his] letter serve as a request to vacate the Judgment."  (Id.)  On February 26, 2021, "[t]he Court decline[d] to <u>sua</u> <u>sponte</u> vacate the Judgment," or "to construe [Ream's] status letter, which ha[d] no context, citations or legal analysis, as a motion to vacate the Judgment."  (ECF No. 118).

### C.  <u>The Motion</u>

On September 1, 2021, Ream filed the Motion, which he re-filed on October 11, 2021 to correct docketing deficiencies.  (ECF Nos. 119; 120; 121).  In the Motion, Ream first argues that the Judgment should be vacated as void pursuant to Federal Rule of Civil Procedure 60(b)(4).  Specifically, he argues that, "[s]ince the settlement agreement underlying the Judgment is unenforceable for lack of <u>Cheeks</u> review, the settlement agreement suffers from a 'fundamental infirmity,' that voids the resulting Judgment."  (ECF No. 121 at 6).  In the alternative, Ream asks the Court to vacate the Judgment under Fed. R. Civ. P. 60(b)(6), which allows courts to vacate a judgment for "any other reason that justifies relief."  (<u>Id.</u> at 6–7).  Specifically, Ream contends that "[t]he 'other reasons' are that both [he] and [the] Honorable Judge Pittman [sic] were mistaken as to the need for a <u>Cheeks</u> review."  (<u>Id.</u> at 6).  Ream insists that he "has been foreclosed from obtaining relief on his legitimate claims due to a procedural snag that has left him in the position of needing to vacate a Judgment in his favor in order to relitigate this case[,]" and that "nothing short of, unfortunately, vacating the Judgment will allow [him] to seek an enforceable judgment in this action."  (<u>Id.</u> at 7).  No Defendant opposed the Motion.

### III.   LEGAL STANDARDS

#### A.   Rule 60(b)

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" <u>Kemp v. United States</u>, 142 S. Ct. 1856, 1861 (2022) (quoting <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528 (2005)).  Three of the six circumstances in Rule 60(b) are relevant to the Motion.

First, "[u]nder Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.'"  <u>Kemp</u>, 142 S. Ct. at 1861 (quoting Fed. R. Civ. P. 60(b)(1)). "[A] judge's errors of law are . . . 'mistake[s]' under Rule 60(b)(1)."  <u>Id.</u> at 1860.  "Rule 60(b)(1) covers <u>all</u> mistakes of law made by a judge[.]"  <u>Id.</u> at 1862 (emphasis added).

Second, "Rule 60(b)(4) authorizes courts to 'relieve a party . . . from a final judgment' when 'the judgment is void.'"  <u>Sec. & Exch. Comm'n v. Romeril</u>, 15 F.4th 166, 171 (2d Cir. 2021) (quoting Fed. R. Civ. P. 60(b)(4)).  "Rule 60(b)(4) applies only in two situations: 'where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'"  <u>Id.</u> (quoting <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 271 (2010)).  Specifically, "[a] judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'"  <u>Grace v. Bank Leumi Tr. Co. of NY</u>, 443 F.3d 180, 193 (2d Cir. 2006) (quoting <u>Texlon Corp. v. Mfrs. Hanover Com. Corp.</u>, 596 F.2d 1092, 1099 (2d Cir.1979)).  "In the context of a Rule 60(b)(4) motion, a judgment may be declared void for want of jurisdiction only when the court 'plainly usurped jurisdiction,' or, put somewhat differently, when 'there is a total want of

jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.'"

Cent. Vermont Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (quoting Nemaizer v.

Baker, 793 F.2d 58, 65 (2d Cir. 1986)).  "A judgment is not void . . . simply because it is or may

have been erroneous," and "a motion under Rule 60(b)(4) is not a substitute for a timely appeal."

Espinosa, 559 U.S. at 270.

Third, "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.'"  Kemp,

142 S. Ct. at 1861 (quoting Fed. R. Civ. P. 60(b)(6)).  "This last option is available only when

Rules 60(b)(1) through (b)(5) are inapplicable."  Id.  "Even then, 'extraordinary circumstances'

must justify reopening."  Id. (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847,

863 n. 11 (1988)); see Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc., 385 F. App'x 29, 31

(2d Cir. 2010) ("Rule 60(b)(6) is properly invoked only when 'extraordinary circumstances' justify

relief or 'when the judgment may work an extreme and undue hardship[.]'") (quoting Nemaizer,

793 F.2d at 63); Lee v. Marvel Enters., Inc., 765 F. Supp. 2d 440, 452 (S.D.N.Y. 2011) (noting that

Rule 60(b)(6) "is to be utilized only where extraordinary circumstances prevented a party from

taking timely action to prevent or correct an erroneous judgment") (citation omitted), aff'd, 471

F. App'x 14 (2d Cir. 2012);

A party must file a Rule 60(b) motion "within a reasonable time—and for reasons (1), (2),

and (3) no more than a year after the entry of the judgment or order or the date of the

proceeding."  Fed. R. Civ. P. 60(c).  "[A] motion under Fed. R. Civ. P. 60(b)(4) to vacate the

judgment for lack of jurisdiction . . . may be brought at any time after final judgment."  McLearn

v. Cowen & Co., 660 F.2d 845, 848 (2d Cir. 1981).

### IV.   <u>DISCUSSION</u>

The Court must deny the Motion.  While Ream asks the Court to vacate the Judgment under either Rule 60(b)(4) or 60(b)(6) based on Judge Pitman's "mistaken belief that a <u>Cheeks</u> review was not required[,]" (ECF No. 121 at 5), the Supreme Court recently made clear in <u>Kemp</u>, "[a] judge's errors of law are . . . 'mistake[s]' under Rule 60(b)(1)." <u>Id.</u> at 1860.  Ream's argument that Judge Pitman made a legal error concerning <u>Cheeks</u> review thus presents a request for relief under Rule 60(b)(1).  Such motions must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding[,]" however, and the Motion, which Ream filed over two years after Judge Pitman entered the Judgment (ECF No. 88), is untimely. Fed. R. Civ. P. 60(c); <u>see</u> <u>Schrubb v. Blankenship</u>, No. 19CV6557 (MWF) (GJS), 2022 WL 3971054, at *3 (C.D. Cal. July 26, 2022) ("Because Rule 60(b)(6) can be invoked only if Rules 60(b)(1)–(5) are inapplicable, a Rule 60(b) motion seeking relief based on a judge's legal error cannot be brought under Rule 60(b)(6), because it must be considered under Rule 60(b)(1) alone.").

Ream's attempt to cast his Motion as one under Rule 60(b)(4)—perhaps to avoid the one-year bar in Rule 60(c)—is unavailing.[1]  While Ream is correct that, "[w]ith respect to settlement of FLSA claims, judicial approval is necessary for an agreement to be enforceable[,]" <u>Hernandez v. Fresh Diet Inc.</u>, No. 12 Civ. 4339 (ALC) (JLC), 2017 WL 4838328, at *2 (S.D.N.Y. Oct. 25, 2017) (citing <u>Cheeks</u>, 796 F.3d at 206), he cites no authority—and the Court has found none—holding that a failure to conduct <u>Cheeks</u> constitutes the "type of jurisdictional error or . . . violation of

---

[1] Ream attempts to disavow Rule 60(b)(1) on the ground that he "first became aware that the underlying settlement agreement violated <u>Cheeks</u> more than one year after entry of the Judgment[,]" and instead "relies on (b)(4) and in the alternative, (b)(6)."   (ECF No. 121 at 5 n.1).  Ream does not explain, however, how the <u>his</u> delayed realization is relevant to determining the applicable provision of Rule 60(b).

due process" necessary to support a Rule 60(b)(4) motion.  Romeril, 15 F.4th at 171 (citation omitted).  Nor does Ream properly invoke Rule 60(b)(6), which applies only if subsections (1) through (5) are inapplicable and, even then, only under "extraordinary circumstances" or to prevent extreme and undue hardship, which is not the case here.  See Kemp, 142 S. Ct. at 1861 ("This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable."); Empresa, 385 F. App'x at 31; Schrubb, 2022 WL 3971054, at *3; Lee, 765 F. Supp. at 452.

Ream's insistence that vacating the Judgment is his only option is unavailing.  The Court has given Ream numerous opportunities to seek relief in this action, including by submitting a fully-executed copy of the Agreement for proper Cheeks review (which he failed to do), participating in a settlement conference (which he forfeited when he failed to comply with the Court's pre-conference order), or asserting a valid basis to vacate the Judgment (which he has also failed to do).  As the Court has repeatedly advised, Ream continues to have the option to seek relief in New York State Court.  He has exhausted his options in this Court.

## V.    CONCLUSION

For the reasons set forth above, the Motion is DENIED.  The Clerk of Court is respectfully directed to close ECF No. 120.

Dated:        New York, New York
              September 16, 2022

                                   SO ORDERED.

                                   _____
                                   SARAH L. CAVE
                                   United States Magistrate Judge